# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00446-CV

---

**Theresa Hayes, Appellant**

**v.**

**John Geiger, Donna Nelson, Cesar Levario, Mario Reyna, and Allstate County Mutual Insurance Company, Appellees**

---

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-008717, THE HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Theresa Hayes appeals from the trial court's "Order of Dismissal with Prejudice and Granting of Depositing of Funds." Hayes obtained two settlements after two car wrecks. Within her thirteen-page brief is a statement that she did not consent to the settlement agreement with defendants John Geiger and Donna Nelson. This is the only cognizable issue raised. Nevertheless, the issue is not briefed; rather, it is mentioned in the midst of a narrative covering events and conspiracies that go back as far as 2008. We conclude any issue about Hayes's consent is waived and affirm the judgment of the trial court.

## BACKGROUND

In her original petition, Hayes raised negligence claims against two drivers, Cesar Levario and John Geiger, and negligent-entrustment claims against two vehicle owners,

Mario Reyna and Donna Nelson. The claims were based on separate accidents in the fall of 2018. On September 5, 2018, Levario, driving Reyna's 1997 Honda Accord, rear-ended Hayes on FM 620. On November 5, 2018, Geiger, driving Nelson's 2010 Ford Escort, also hit Hayes from behind on FM 620.

After learning that the Accord driven by Levario and owned by Reyna was uninsured, Hayes filed an amended petition, adding Allstate, her insurer, as a defendant. She alleged a breach-of-contract claim for Allstate's failure to honor the uninsured-motorist coverage in her policy. She also sought a declaratory judgment that she was entitled to recover benefits under that policy and attorney's fees. She repeated her negligence claims against Levario and Geiger and her negligent-entrustment claim against Reyna.

Hayes, Allstate, Geiger, and Nelson entered mediation. Hayes agreed to release claims against Allstate; Allstate agreed to pay $30,000 to Hayes and her attorney. Hayes agreed to release claims against Geiger and Nelson; Geiger and Nelson agreed to pay $50,000 to Hayes and her attorney. Rule 11 Settlement Agreements were entered and filed with the trial court.

Thereafter, Hayes told her counsel she was going to fire her, and counsel filed a motion to withdraw. Hayes failed to sign the releases and Allstate, Geiger, and Nelson filed a joint motion to enforce the settlement agreements. The trial court held a hearing on the motions and granted them. The trial court ordered Hayes to execute the releases within fourteen days.

Hayes failed to sign the releases and Allstate moved to dismiss with prejudice and deposit settlement funds into the court's registry; Geiger and Nelson moved to dismiss with prejudice. Hayes filed a response. After another hearing, the trial court entered a judgment clearly and unequivocally final on its face that (1) granted the motions, (2) dismissed the case in its entirety with prejudice to the refiling of same, or any part thereof, and (3) ordered Allstate to deposit

$30,000, and Geiger and Nelson to deposit $50,000, into the registry of the court. *See* Tex. Civ. Prac. & Rem. Code § 154.071(a); *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995). Hayes appeals.

## ANALYSIS

Hayes, in her brief, states, "On page 156 of the Clerks Record, I agreed to the $30,000 offered by Allstate for my uninsured motorist claim. The other settlement amount is not included because I never agreed to it!" This, as best we can tell, is a statement of an issue. But the brief does not contain substantive argument, authority, or citations to support this issue. *See*, *e.g.*, Tex. R. App. P. 38.1. Although we construe pro se briefs liberally, pro se appellants are held to the same standards as appellants represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Holding Hayes to this standard, we conclude that she has waived the issue by failing to support it with substantive arguments or appropriate citations to authorities and the record. *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018); *Litsinger v. Litsinger*, No. 03-25-00106-CV, 2025 WL 3533270, at *2 (Tex. App.—Austin Dec. 10, 2025, no pet.) (mem. op.) (noting that court need not make arguments for pro se litigants). We affirm the judgment of the trial court. We also deny Hayes's Emergency Motion for Continuance, Request for Oral Argument, and Factual Narrative Addendum.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Affirmed

Filed: May 13, 2026

3